**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRACEY H.,[1] | : | Case No. 2:25-cv-598 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

This matter is before the Court for review of Plaintiff Tracey H.'s claim challenging the Social Security Administration's denial of her application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and the administrative record (Doc. #7).

**I. <u>Background</u>**

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff filed an application for SSI on November 23, 2021, due to several impairments, including COPD, degenerative disc in spine and neck, anxiety, depression, and Carpal Tunnel Syndrome. (Doc. #7-6, *PageID* #226). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Catherine Ma on March 19, 2024. Thereafter, ALJ Ma issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since November 23, 2021, the application date.

Step 2: She has the following severe impairments: Disorders of skeletal spine, carpal tunnel syndrome (CTS), and other and unspecified arthropathies.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except [Plaintiff] can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; can stand/walk 6 hours, sit 6 hours, frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds; frequently balance, stoop, crouch, kneel, and crawl; can have frequent exposure to fumes/odors/dusts/gases/poor ventilation; and never have exposure to hazards (unprotected heights/dangerous machinery/commercial driving)."

She has no past relevant work.

Step 5: Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7-2, *PageID* #s 40–47). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since November 23, 2021, the date the application was filed. *Id.* at 47.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 34–52), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In her Statement of Errors, Plaintiff first challenges the ALJ's Step Two analysis. (Doc. #8, *PageID* #s 1234–36). She also contends that the ALJ erred when formulating Plaintiff's RFC by finding that Plaintiff could perform light exertional work. *Id.* at 1236–40.

### A. Medically Determinable Impairments

Plaintiff asserts the ALJ erred by failing to identify her chronic obstructive pulmonary disease (COPD), depression, and anxiety as medically determinable impairments at Step Two. (Doc. #8, *PageID* #s 1234-36). The Commissioner counters that substantial evidence supports the ALJ's non-severe finding, this finding is not a reversible error, and she considered Plaintiff's depression, anxiety and alleged COPD symptoms in crafting the RFC. (Doc. #10, *PageID* #s 3–4).

An ALJ must make several determinations at Step Two. First, an ALJ considers if a claimant's impairment constitutes a "medically determinable" impairment, or an impairment that results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §§ 416.920; 416.921. A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. Additionally, it must meet the durational requirement. 20 C.F.R. § 416.909. "If an alleged impairment is not medically determinable, an ALJ need not consider that impairment in assessing the RFC." *Rieder v. Comm'r of Soc. Sec.*, No. 2:20-CV-5858, 2021 WL 5881784, at *4 (S.D. Ohio Dec. 13, 2021), *report and recommendation adopted*, No. 2:20-CV-5858, 2021 WL 6197808 (S.D. Ohio Dec. 30, 2021) (quoting *Moore v. Comm'r of Soc. Sec.*, No. 2:20-CV-5114, 2021 WL 5149714, at *7 (S.D. Ohio

Nov. 5, 2021)). "Plaintiff has the burden of proving the existence of a medically determinable impairment." *Id.* (quoting *Moore*, 2021 WL 5149714, at *7). "Generally, courts have found that an ALJ's failure to find that a condition is medically determinable is not harmless error unless the record reflects that the ALJ nevertheless considered the impairment in developing the RFC." *Treadway v. Comm'r of Soc. Sec.*, No. 1:25-cv-1744, 2026 WL 1674852, at *46 (N.D. Ohio June 10, 2026) (citing *Durbin v. Comm'r of Soc. Sec.*, No. 2:17-cv-896, 2020 WL 2744100, at *13–14 (S.D. Ohio May 27, 2020) (Morrison, D.J.)) (other citations omitted).

If an impairment is medically determinable, then an ALJ must determine whether it is severe. *Id.* A "severe impairment" is defined as "any impairment or combination of impairments, which significantly limits [a claimant's] physical or mental ability to do basic work activities…." 20 C.F.R. § 416.920(c). The finding of at least one severe impairment at Step Two is merely a "threshold inquiry," the satisfaction of which prompts a full investigation into the limitations and restrictions imposed by all the individual's impairments. *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007). "And when an ALJ considers all of a [plaintiff]'s impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at Step Two '[does] not constitute reversible error.'" *Id.* (quoting *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

In her administrative decision, the ALJ found that Plaintiff had the following medically determinable impairments: "[d]isorders of skeletal spine, carpal tunnel syndrome (CTS), and other and unspecified arthropathies…." (Doc. #7-2, *PageID* #40). Nevertheless, later in the ALJ's analysis, she expressly contemplates Plaintiff's COPD, degenerative disc disease, CTS, anxiety, and depression:

> [Plaintiff] alleges in the Adult Disability Report that she is limited in her ability to perform work activities due to COPD, degenerative disc disease, CTS, anxiety, and depression (Ex. 2E). In the Function Report she alleges limitations in the ability to sit, stand, bend, squat, reach, and lifting more than 8 pounds due to pain. The claimant also complains of COPD related shortness of breath for which she has to take rest breaks, further restricting her capacity to perform tasks. She also alleges mood swings and anxiety secondary to pain interferes with her ability to concentrate and get along with others (Ex. 6E). [Plaintiff] testified at the hearing of severe pain that limits her mobility, requires rest breaks, and exacerbates her depression and anxiety and decreases her memory. She testified specifically of on-going neck pain, left arm numbness and tingling, stabbing back pain that radiates into the knees, daily headaches. She reports the use of a cane when in the community, the ability to sit 20-30 minutes, walk 200 feet, and lift 20 pounds.

(Doc. #7-2, *PageID* #41). The ALJ ultimately found that the above medically determinable impairments "could reasonably be expected to cause the alleged symptoms" but also found that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects … are not entirely consistent with the medical evidence and other evidence in the record…." *Id.* 41–42.

At the second step of the analysis, the ALJ found that Plaintiff did not have any severe mental impairments. (Doc. #7-2, *PageID* #45). The ALJ found that Plaintiff had no more than mild limitations in understanding, remembering, and applying information; concentrating, persisting, and maintaining pace; interacting with others; and adapting. *Id.* Pursuant to 20 C.F.R. § 416.920a(d)(1), when the Commissioner finds that a claimant has no limitations or mild limitations in these areas, the Commissioner will find the mental impairment not severe. In forming her opinion, the ALJ first considered the consultative evaluation findings of Sudhir Dubey, Psy.D. *Id.* at 44–45 (citing Doc. #7-7, *PageID* #s 407–14). Dr. Dubey opined that Plaintiff would be able to understand, remember, and carry out simple instructions independently—such as one-step processes. (Doc. #7-7, *PageID* #s 412–14). She would also not be able to follow multi-step instructions independently. *Id.* She can maintain persistence and pace to remember and carry out

simple tasks. *Id.* She does not have any significant difficulties interacting with others or dealing with work pressure. *Id.* The ALJ also found the prior administrative medical findings of Kristen Haskins, Psy.D., and Vicki Warren, Ph.D., to be persuasive. (Doc. #7-2, *PageID* #46). Dr. Haskins and Dr. Warren both assessed that Plaintiff had mild functional limitations in all areas of the "B" criteria of the listings. (Doc. #7-3, *PageID* #s 83, 93). The ALJ found these assessments are consistent and supported by the record of normal mental status examinations and well controlled symptoms. (Doc. #7-2, *PageID* #44) (citing Doc. #7-7, *PageID* #s 527, 538, 554; Doc. #7-7, *PageID* #734; Doc. #7-8, *PageID* #s 821, 829, 848, 873, 891,902, 990, 998, 1048; Doc. #7-9, *PageID* #1212).

Turning to Plaintiff's COPD, the ALJ likewise found that it was not a severe impairment. (Doc. #7-2, *PageID* #45). Plaintiff points to two medical notations that illustrate she had COPD; the first medical record shows that Plaintiff underwent a pulmonary function test on May 3, 2022, which revealed mild COPD. (Doc. #8, *PageID* #1232) (citing Doc. #7-7, *PageID* #293). The second follows Plaintiff's April 2023 cervical surgery, in which she experienced acute postoperative respiratory insufficiency, requiring supplemental oxygen and pulmonary hygiene. (Doc. #8, *PageID #s* 1232–33) (citing Doc. #7-8, *PageID* #1096). In formulating her opinion, the ALJ first determined that the evidence reflects a history of well-controlled COPD with the use of multiple inhalers. (Doc. #7-2, *PageID* #45). The pulmonary examinations reflect normal breath effort, sounds and a pulmonary function test revealed merely a mild obstruction. *Id.* (citing Doc. #7-7, *PageID* #s 369, 454; Doc. #7-8, *PageID* #s 937, 943; Doc. #7-9, *PageID* #s 1205, 1212). Additional treatment notes throughout the record show the same. (*See* Doc. #7-7, *PageID* #730, Doc. #7-8, *PageID* #s 802, 875; Doc. #7-9, *PageID* #1207). Plaintiff's treatment record also shows

that she continued to smoke. (Doc. #7-7, *PageID* #s 373–77, 454, 731). The pulmonary examinations were normal. (Doc. #7-8, *PageID* #s 800, 808, 829, 847, 858, 873, 890, 937, 1211–12). The ALJ noted these findings in her RFC determination, including limitations to frequent exposure to fumes, odors, dusts, gases, and poor ventilation in case of exacerbation. (Doc. #7-2, *PageID* #45).

The ALJ also considered the state agency medical consultants' opinions. *Id.* at 46. State agency medical consultant Dana Schultz, M.D., reviewed Plaintiff's medical evidence at the initial level on August 23, 2022. *Id.* (citing Doc. #7-3, *PageID* #s 80–87). She opined that Plaintiff could perform light exertional work and frequently climb ramps and stairs, balance, stoop, crouch, kneel, and crawl, but never climb ladders, ropes, or scaffolds, must avoid concentrated exposure to environmental irritants, and avoid all exposure to unprotected heights heavy machinery and commercial driving due to COPD. *Id.* (referencing Doc. #7-3, *PageID* #s 86). At the reconsideration level, state agency medical consultant W. Scott Bolz, M.D., reviewed Plaintiff's record on May 10, 2023, affirming Dr. Schultz's assessment. *Id.* (referencing Doc. #7-3, *PageID* #s 89–98). The ALJ found these assessments are persuasive related to the light exertion with postural and environmental limitations as they are consistent and supported by the record. *Id.*

Based on the foregoing, it appears that the ALJ characterized Plaintiff's COPD, anxiety, and depression as medically determinable impairments but did not go so far as to find that those impairments were severe. *Id.* at 41–46. Accordingly, Plaintiff's contention that the ALJ erred in failing to consider her COPD, anxiety, and depression to be medically determinable impairments are without merit. Further, the ALJ plainly considered Plaintiff's COPD, anxiety, and depression in the remaining steps of the disability determination. *Id.* at 41, 44–45. Thus, even if the ALJ had

been in error by failing to consider Plaintiff's COPD, anxiety, and depression in her medically determinable impairments analysis, that error would be harmless. *Durbin*, 2020 WL 2744100, at *13–14.

**B. RFC Determination**

Plaintiff contends that she is not able to sustain the lifting, carrying, pushing, pulling, standing, and walking requirements consistent with the ALJ's opined light exertional RFC determination. (Doc. #8, *PageID* #s 1236–40). She contends that the medical evidence, Dr. Romero's consultative examination, and her testimony do not support such exertional capacity. *Id.* at 1239–40.

A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other

evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 416.920c(c)(1)–(5).

Supportability and consistency are the most important of the five factors. 20 C.F.R. § 416.920c(b)(2). While the regulations state that ALJs "*may* . . . explain how [they] considered" the other various factors, these same regulations mandate that an ALJ "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 416.920c(b)(2) (emphasis added). Supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Kenneth M. v. Comm'r of Soc. Sec.*, 2025 WL 1948987, at *12 (S.D. Ohio July 16, 2025) (Preston Deavers, M.J.), quoting *Reuse v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 (N.D. Ohio Apr. 29, 2021) (internal citations omitted). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(2). Failing to discuss either supportability or consistency requires remand. *Kenneth M.*, 2025 WL 1948987, at *12; *Whalen v. Comm'r of Soc. Sec.*, 2025 WL 1452713, at *17 (N.D. Ohio May 21, 2025), *report and recommendation adopted*, No. 1:24-CV-1928, 2025 WL 1756524 (N.D. Ohio June 25, 2025) ("An ALJ may discuss one adequately but not the other, thus requiring remand.").

An ALJ must "provide a coherent explanation of her reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021), and "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec*., 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)); *Decorian P.R. v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1155941, at *5 (S.D. Ohio Mar. 18, 2024) (internal citation omitted). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Warren I.*, 2021 WL 860506, at *8. The ALJ bears the burden of "show[ing] his or her work"; in other words, the ALJ must "explain in detail *how the factors actually were applied* in each case, to each medical source." *Kenneth M.*, 2025 WL 1948987, at *12 (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F.Supp. 3d 900, at *6 (E.D. Mich. 2021)); *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 1009135, at *5 (S.D. Ohio Feb. 15, 2023) (Gentry, M.J.) (internal citations omitted).

Plaintiff was examined by Ricardo Romero, M.D., on March 22, 2022. (Doc. #7-7, *PageID* #s 416–26). On examination, Plaintiff exhibited decreased right-hand sensation, tenderness along the thoracic and lumbar spine with limited range of motion, decreased right arm/shoulder range of motion, a limp gait, positive straight leg raise, difficulty opening a jar, picking up a coin, buttoning clothing, and she was observed to shake while writing. *Id.* at 419, 422–26. Dr. Romero opined that Plaintiff is very weak and fatigued, dyspneic, and short of breath. *Id.* She has significant issues with back pain, neck pain, COPD, and becoming dyspneic easily, and she can only sit and stand

for 15-20 minutes, cannot carry any large amount of weight, and secondary to limitations it would be difficult for her to perform any type of work. *Id.*

However, the ALJ found Dr. Romero's assessment "not persuasive," noting it was supported using Plaintiff's subjective complaints and was inconsistent with the examination findings and other evidence in the record. For example, the day prior to Dr. Romero's examination, during a mental consultative examination, evidence indicates that Plaintiff presented with unremarkable gait, unremarkable posture, and did not demonstrate any pain behavior. (Doc. #7-2, *PageID* #44) (citing Doc. #7-7, *PageID* #s 407–15). Further—despite Plaintiff's complaints of shaking while writing and being unable to open a jar, pick up a coin, or button clothing—the ALJ noted that Plaintiff completed a Function Report "in legible handwriting" and reported during the mental consultative examination that she played video games. *Id.* (citing Doc. #7-6, *PageID* #s 245–52).

In formulating Plaintiff's RFC, the ALJ also considered the prior administrative findings of state agency consultants Dr. Schultz and Dr. Bolz. (Doc. #7-2, *PageID* #46) (citing Doc. #7-3, *PageID* #s 80–87, 89–98). Both state agency consultants opined that Plaintiff "can perform exertional work activity and frequently climb ramps and stairs, balance, stoop, crouch, kneel, and crawl, but never climb ladders, ropes, or scaffolds, must avoid concentrated exposure to environmental irritants, and avoid all exposure to hazards." *Id.* (internal citation omitted). Dr. Schultz likewise found Dr. Romero's opinion "[n]ot consistent with the longitudinal MER," noting that Plaintiff "clearly does not need an ambulatory aid nor do the neurological records show that her grip and hand use is that bad." (Doc. #7-3, *PageID* #84). Dr. Schultz further opined that Dr. Romero's "medical opinion is without substantial support from the medical source who made it,

which renders it less persuasive." *Id.* at 84–85. Dr. Bolz echoed these findings. *Id.* at 95. The ALJ found the opinions of Dr. Schultz and Dr. Bolz persuasive, noting that their findings were consistent with and supported by the record. (Doc. #7-2, *PageID* #46).

The ALJ also considered Plaintiff's testimony regarding her daily activities. *Id.* at 41. The ALJ noted that Plaintiff testified that her pain was so severe that it limited her mobility, required her to take rest breaks, exacerbated her depression and anxiety, and affected her memory. *Id.* Plaintiff also testified that she experiences ongoing neck pain, numbness and tingling in her left arm, stabbing pain in her back that radiates into her knees, and daily headaches. *Id.* The ALJ also considered Plaintiff's testimony that she uses a cane when out in the community and has the ability to sit for 20-30 minutes, walk 200 feet, and lift 20 pounds. *Id.* However, the ALJ found that, while Plaintiff's alleged symptoms could reasonably result from her medically determinable impairments, Plaintiff was unpersuasive as a reporting source with regard to the intensity, persistence, and limiting effects of her symptoms—further finding her subjective reports to be inconsistent with the medical evidence and other evidence, which "does not support the degree of severity and limitation alleged." *Id.* at 41–42.

Plaintiff nevertheless cites to her self-reported symptoms and to records that document her diagnoses. (Doc. #8, *PageID* #s1239–40). However, "[w]here substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). Here, as discussed above, the ALJ's RFC determination is supported by substantial evidence, and she properly "buil[t] an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp.

2d 875, 877 (N.D. Ohio 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir. 2004)). Accordingly, the Court finds no error with regard to the ALJ's RFC determination.

For these reasons, Plaintiff's Statement of Errors is not well-taken.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

September 29, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge